IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**TYRES FRAI' AUNT AUTREY**                                            **PLAINTIFF**

**v.**                                                                    **CAUSE NO. 1:15CV266-LG-RHW**

**PASCAGOULA SCHOOL DISTRICT**                                    **DEFENDANT**

### ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTION TO PROCEED IN FORMA PAUPERIS

**BEFORE THE COURT** are the Report and Recommendation [3] entered by United States Magistrate Judge Robert H. Walker, and the Motion for Leave to Proceed In Forma Pauperis (IFP) [2], and amended Motion for Leave to Proceed IFP [7] filed by Plaintiff Tyres Frai' Aunt Autrey.[1]

Judge Walker recommended that Autrey's original Motion for Leave to Proceed IFP be denied, because the information provided by Autrey did not allow for a rational decision regarding Autrey's eligibility for IFP status. After reviewing the Application form and Autrey's objection to the Report and Recommendation, the Court ordered Autrey to file an amended IFP application form. (*See* Order, ECF No. 6). Autrey timely filed an amended Application, which the Court now reviews.

"A grant of leave to proceed in forma pauperis is made by considering only a petitioner's economic status." *Cay v. Estelle*, 789 F.2d 318, 322 (5th Cir. 1986), overruled in part by *Booker v. Koonce*, 2 F.3d 114, 116 (5th Cir. 1993) (citing 28

---

[1] Autrey has applied for IFP status in three other cases in this Court: *Autrey v. Nat'l Baptist Convention*, No. 1:08cv565-HSO-JMR (S.D. Miss. Aug. 29, 2008) (IFP denied); *Autrey v. Thames*, No. 1:08cv1309-HSO-JMR (S.D. Miss. Oct. 7, 2008) (IFP denied); *Autrey v. Northrup Grumman Shipbuilding, Inc.*, 1:10cv290-LG-RHW (S.D. Miss. June 28, 2010) (IFP granted).

U.S.C. § 1915(a) and *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)); see also *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1993). The district court has wide discretion in denying an application to proceed IFP. However, in denying applications, a court must not act arbitrarily, and it may not deny the application on erroneous grounds. *See Hogan v. Midland Cty. Comm.'s*, 680 F.2d 1101, 1103 (5th Cir. 1982).

Autrey's IFP Application references employment income, unemployment benefits, a Navigator Credit Union account, and a 2007 PT Cruiser. He lives with "someone else," pays nothing in rent, and minimal amounts for utilities and food. He also has a master's degree and is seeking regular employment. In total, Autrey claims income of $3000.00 per month and expenses of $873.00 per month. This information indicates that Autrey is able to pay the required costs and fees. Accordingly, the Court will adopt the Magistrate Judge Walker's Report and Recommendation to the extent he recommends that Autrey be denied IFP status.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Report and Recommendation [3] entered by United States Magistrate Judge Robert H. Walker is **ADOPTED** as the finding of the Court to the extent it recommends denial of Autrey's IFP Application.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Motion for Leave to Proceed In Forma Pauperis [2], and the amended Motion for Leave to Proceed In Forma Pauperis [7], filed by the plaintiff Tyres Frai' Aunt Autrey, are **DENIED**. Autrey must pay the filing fee to the Clerk of Court within twenty (20)

days of the date of this Order.  Failure to do so will result in dismissal of the case.

**SO ORDERED AND ADJUDGED** this the 14th day of October, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE